UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY BRIAN MALLGREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-03004 (UNA) |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, dismisses this matter without prejudice.

Plaintiff sues the United States and the state of New York. *See* Compl. at 1. The Complaint is vague, at best. Plaintiff alleges that

> [u]pon arriving, and attempting to board a bus, in Houston, TX, Anthony Brian Mallgren, petitioner, noticed a missing wallet ("Wallet Theft"). While NEW YORK STATE, of case isolated individualized respondent, reportedly has a mobile phone identity application ("NY Mobile ID"), it seemingly requires a document number (in obtaining another identification card via the online portal to scan into NY Mobile ID), which Anthony Brian Mallgren, petitioner, does not have reasonable access to ("NY Tort"). While Anthony Brian Mallgren, petitioner, submitted a passport application, the UNITED STATES, of case isolated individualized respondent, STATE DEPARTMENT, seemingly has avoided a digital identity solution, rather opting for a tortuous process requiring the mailing of paper documents, such as birth certificate, application, deficiency notice letters, passport, et cetera ("US Tort"). NY Tort and US Tort have resulted in, at least, a delay of proper financial compensation, per value potential reciprocation metrics.

*Id.* (paragraph numbers removed). Plaintiff demands "[i]mplementation of a purely digital solution for issuing replacement state identification" and "a purely digital solution for issuing a passport." *Id.* He also seeks unenumerated damages. *See id.*

*Pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, Plaintiff's ambiguous allegations fail to provide Defendants or this Court with notice of Plaintiff's intended claims, nor has he established this Court's subject matter jurisdiction; indeed, he does not cite to any legal authority. Insofar as Plaintiff, perhaps, challenges the procedures by which one must apply for a passport, the Secretary of State possesses "substantial discretion" over such applications and their review, *see Haig v. Agee*, 453 U.S. 280, 294 n.26 (1981); 22 U.S.C. § 211a (Passport Act of 1926), and Plaintiff has not pleaded any injury sustained from the existing application requirement to "mail paper documents," excepting mere inconvenience. See Compl. at 1. Furthermore, as pleaded, Plaintiff has failed to show how this Court may exercise subject matter jurisdiction over New York's own administrative procedures.

"[T]hreadbare recitals" that are "supported by mere conclusory statements" are insufficient to state a claim. *See Iqbal,* 556 U.S. at 678. Although a *pro se* complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551

U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citation omitted), it still "must plead 'factual matter' that permits the court to infer 'more than the mere possibility of [defendant's] misconduct,'" *Atherton v. District of Columbia Office of the Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678–79; *see Aktieselskabet AF 21. Nov.2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) ("We have never accepted 'legal conclusions cast in the form of factual allegations' because a complaint needs some information about the circumstances giving rise to the claims." (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

For all of these reasons, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: December 9, 2025

/s/_____
ANA C. REYES
United States District Judge